FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT FRIED,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>WYNN LAS VEGAS, LLC,<br><br>    Defendant-Appellee. | No. 20-15710<br><br>D.C. No.<br>2:18-cv-00689-APG-BNW<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted May 5, 2021
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and SILVER,** District Judge.

  Vincent Fried appeals the district court's order granting summary judgment to Wynn Las Vegas, LLC, on his claims for sex discrimination, retaliation, and hostile work environment. We review de novo. *See Branch Banking & Tr. Co. v.*

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Roslyn O. Silver, Senior United States District Judge for the District of Arizona, sitting by designation.

*D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law, viewing the evidence in the light most favorable to Fried. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We may affirm on any ground supported by the record. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal of Fried's claims for sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1,2]

    1.    The district court concluded that Fried established a prima facie case of sex discrimination pursuant to Title VII. To establish a prima facie case of discrimination, a plaintiff must prove that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated him differently than a similarly situated employee who does not belong to the same protected class as him. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

---

[1] The district court also granted summary judgment to Wynn on Fried's claim for hostile work environment. We reverse that decision in a concurrently filed opinion.

[2] Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

We assume without deciding that Fried satisfied the first three parts of the four-part test, but he fails to raise a genuine dispute of fact as to the fourth part. "[E]mployees are similarly situated to the plaintiff when they 'have similar jobs and display similar conduct.'" *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011) (quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)). "The employees need not be identical, but must be similar in material respects." *Id*. "Materiality depends on the context and is a question of fact that 'cannot be mechanically resolved.'" *Id.* (quoting *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1158 (9th Cir. 2010)). The similarly situated inquiry is "not an unyielding, inflexible requirement that requires near one-to-one mapping between employees because one can always find distinctions in performance histories or the nature of the alleged transgressions." *Id.* at 1115 (internal quotation marks omitted) (quoting *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 405 (7th Cir. 2007)).

The proper comparator to Fried is the female salon attendant who, like him, was fired for her role in serving alcohol to minors—not the female manicurists who were not fired. This is the correct comparison because Wynn determined in its investigation that Fried and the attendant knew Fried's customer was under 21 years old yet the attendant served the customer champagne and Fried did not stop

3

the customer from drinking it, despite having interacted with her multiple times. In contrast, Fried did not raise a dispute of fact about whether any of the female manicurists actually knew their customers were under 21 years old. This difference between Fried and the female manicurists is material. *See Vasquez*, 349 F.3d at 641–42 (ruling that two employees with the same job were not similarly situated because they "did not engage in problematic conduct of" the same "comparable seriousness"). Because Fried did not show that Wynn treated him differently than a similarly situated employee of the opposite sex, he did not establish a prima facie case of sex discrimination.

Even if Fried had established a prima facie case of sex discrimination, his sex-discrimination claim would fail. If a plaintiff establishes a prima facie case of discrimination, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). "If the employer does so, the plaintiff must show that the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Id.* at 1124 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). "In

4

judging whether [an employer's] proffered justifications [are] 'false,' it is not important whether they were *objectively* false"; "courts only require that an employer honestly believed its reasons for its actions, even if its reason is foolish or trivial or even baseless." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (internal quotation marks omitted) (quoting *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001)). A plaintiff may rely on circumstantial evidence to show pretext, but "such evidence must be both specific and substantial." *Id.* at 1062.

Fried argues the evidence shows that Wynn's explanation for firing him was pretextual for three reasons. First, Fried asserts that Wynn's explanation is unworthy of credence because—despite surveillance footage showing him interacting with his customer while she had a glass of champagne—he actually did not know his customer was served champagne. But what *Fried* actually knew is beside the point: he did not establish a disputed fact about whether Wynn honestly believed Fried knew his customer was served champagne. *See id.* at 1063. Second, Fried asserts the fact that other female manicurists were not fired shows pretext because they knew their customers had champagne and did not ask if they were of age. But for the reasons discussed above, the female manicurists were not similarly situated to Fried, and Fried did not point to evidence that could support a

finding that Wynn honestly believed the female manicurists knew their customers were underage. Last, Fried asserts that Wynn's decision to fire him was illogical, showing pretext, because he was the only manicurist who followed Wynn's policy of asking those who appear under 30 years old if they were of legal drinking age. Although Wynn's decision might be unfair or illogical, this circumstantial evidence is not by itself "substantial," *id.* at 1062, and thus does not show that Wynn's explanation for firing Fried was pretextual.

      2.     To establish a prima facie case of retaliation, a plaintiff must prove that: (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) a causal relationship existed between the two. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). "An employee engages in protected activity when [he] opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law." *Id.*

     "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). "That an employer's actions were caused by an employee's engagement in protected activities may be inferred from 'proximity in

6

time between the protected action and the allegedly retaliatory employment decision.'" *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000) (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)). "In addition, the plaintiff must make some showing sufficient for a reasonable trier of fact to infer that the defendant was aware that the plaintiff had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003).

Fried argues that Wynn fired him in retaliation for him reporting a male customer's sexual advances and that causation is shown because he was fired fifteen days after his report. The district court did not err by rejecting this argument. Fried ignores that the day after he reported the customer's conduct, he allowed an underage customer to consume alcohol in violation of Wynn's policies. Thus, Fried failed to show there is a dispute of fact about whether Wynn's "desire to retaliate was the but-for cause" of his termination. *Nassar*, 570 U.S. at 352.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Case: 6:18-cv-00689-AP/G3/20/21, Document 242, Filed 11/18/21, Page 10 of 11

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**  **Date**

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**  *Rev. 12/01/2018*